UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL DIANE COOPER,<br>Plaintiff,<br><br>v.<br><br>ALYSSA JANE D'AMORE,<br>f/k/a Alyssa J. Cooper,<br>Defendant. | Case No. 1:14-cv-14041-RGS |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED by all parties to this action, by and through their respective attorneys of record, that discovery or disclosure in this case of specified private, privileged, proprietary, and/or confidential information shall be had on the following terms and conditions:

1. **DEFINITIONS.**

    **1.1** As used here, the phrase "Confidential Information" means information concerning the IRA Account at issue in this case, from and after transfer of the IRA Account to Defendant Alyssa D'Amore following the death of Peter Cooper. This designation applies to: (a) any testimony, document, or thing produced in discovery which is not generally known and which the producing party has not made public; (b) data derived from such information, document or thing, including any summaries, compilations, quotes, or paraphrases; (c) information, including identifying information, relating to third party customers/dealers of a party.

    **1.2** As used here, the terms "document" or "documents" mean and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, computer

files, disks, affidavits, briefs, pleadings, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or document requests, and motions, including copies or computer-stored versions of any of the foregoing.

## 2. DESIGNATION OF CONFIDENTIAL INFORMATION.

**2.1** This Protective Order applies to all discovery responses in this case and any other documents or materials containing Confidential Information, as defined above, whether such disclosure is during the course of investigation, discovery, or motions, by order of the Court, in response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things and responses, requests for admission and responses, or any other discovery undertaken in this action.

**2.2** Confidential Information shall not be disclosed publicly, shall be used only for the purposes of this litigation, and may not be used by any party to which or whom that information is produced or disclosed for any other purpose. Confidential Information shall not be used in any other litigation or proceeding.

**2.3** Regardless of designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is not a party to this action but is a potential witness in this action, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of Paragraph 5 below.

## 3. DEPOSITIONS.

**3.1** With respect to the deposition of witnesses, when Confidential Information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on

Confidential Information, the deposition reporter and/or videotape operator shall be informed of this Protective Order by the party or third party seeking to invoke its protection and provided with a copy of this Protective Order ("Order"), and will be required to agree to be bound by its terms in accordance with Paragraph 5. The reporter and/or videotape operator shall then place on the cover of any such separate transcript or videotape the words "**CONTAINS CONFIDENTIAL INFORMATION**," as appropriate. Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape so designated from being disclosed to any person, except as provided in this Order. Pages in the separate deposition transcripts labeled "**CONTAINS CONFIDENTIAL INFORMATION**" shall be consecutively numbered to fit within the numbering order of the corresponding principal portions of the deposition transcripts of witnesses, thereby eliminating the confusion of having repeated numbers in a principal deposition transcript and its counterpart protected transcript.

**3.2** If Confidential Information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such Confidential Information during that portion of the deposition in which the Confidential Information is actually discussed or disclosed.

**3.3** This Order shall not preclude a party from showing any deponent in this action documents or other materials designated as Confidential Information if said deponent was the author, sender, or a recipient of such documents or other materials or can otherwise be demonstrated to have had prior access to or receipt of said documents or materials or the information contained in it, or disclosure is necessary or appropriate in the pursuit of discoverable evidence..

4. **DEPONENTS AND THIRD PARTY WITNESSES BOUND BY THIS PROTECTIVE ORDER.**

Each non-party deponent or third party witness to whom any party proposes to disclose Confidential Information at a deposition, trial, or other proceeding shall first be given a copy of this Order and informed of its contents; shall agree to be bound by the obligations of confidentiality and non-disclosure as set forth in this Order; and shall either (a) execute an affidavit in the form attached as Attachment A, or (b) shall orally agree, if such oral agreement is made on the record during a deposition, to be bound by its terms, which shall also be made a part of the record.

5. **ACCESS TO CONFIDENTIAL INFORMATION.**

   **5.1** All Confidential Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity except as provided in this Stipulation and Order. Confidential Information shall not be disseminated or distributed except as provided by this Paragraph 5.

   **5.2** Access to Confidential Information shall be limited to the following "Qualified Persons":

   **5.2.1** Counsel of record for the parties, their employees, their staff, and their support personnel (including any outside vendor for simple reproduction or photocopying).

   **5.2.2** Plaintiff and Scott Cooper, a nonparty, may receive hard copies of Confidential Information.

   **5.2.3** No electronic or other images shall be made of the Confidential Information.

**5.2.4** Consultants and experts requested by the parties or their counsel to furnish expert or litigation support services in this litigation, provided that such consultant fulfills the conditions in Paragraph 5.4 below.

**5.2.5** Deponents who fulfill the conditions of Paragraph 3.3 or 4.1 at their depositions, provided such deponent is not a party to this action.

**5.2.6** The Court, its authorized personnel, and a jury.

**5.3** No Confidential Information received by any party or counsel in this lawsuit may be revealed or disclosed to any person or entity not described above.

**5.4** Each expert or consultant authorized pursuant to Paragraph 5.2, shall, prior to being given access to Confidential Information, acknowledge in writing his or her familiarity with the terms of this Order and execute a declaration in the form specified in Attachment A.

**6. PARTY'S OWN INFORMATION.**

Nothing in this Order shall affect the right of the designating party to disclose to its officers, directors, employees, consultants or experts, or to any other person, Confidential Information designated by it.

**7. FILING OR LODGING UNDER SEAL.**

**7.1** If any party seeks to file or lodge with the Court any documents, including deposition transcripts or videotapes, motion papers, discovery requests or responses or other documents that contain Confidential Information, the party will file an application for an order of the Court permitting filing or lodging under seal. All parties shall assent to any such application. Such materials as the Court approves for filing or lodging under seal shall be filed or lodged in a sealed envelope, or other appropriate sealed container, on which shall be written the title and case number of this action, an indication of the nature of the contents of such sealed envelope or

other container, the term for the appropriate confidential designation, and a statement in substantially the following form:

> **"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER"**
>
> "This envelope is sealed and contains Confidential Information filed [or lodged] in this case by [name of party or third party] and is not to be opened, nor the contents displayed or revealed, except by order of the Court or pursuant to stipulation of all parties to this action."

Such envelope or container shall not be opened without order of the Court except by officers of the Court or the attorneys of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

**7.2** The party filing or lodging a document under seal may, but is not required to, file a public version of the document with the confidential material redacted. The complete nonredacted document as well as the redacted document, along with a written statement or notice indicating what has been redacted, shall be furnished to counsel of record for all other parties.

**8.** <u>**INADVERTENT DISCLOSURE.**</u>

**8.1** The inadvertent failure to designate Confidential Information properly (or at all) in accordance with this Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as confidential.

**8.2** Upon discovery of any inadvertent failure to designate Confidential Information properly in accordance with this Order, the parties shall take all reasonable steps to ensure the confidentiality thereof such as, but not limited to, recovery of inadvertently disseminated information and causing such information to be filed with the Court under seal..

**8.3** In the event that Confidential Information is designated as confidential after disclosure, all receiving parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Protective Order.

9. **MISCELLANEOUS.**

**9.1** Confidential Information shall be maintained in the custody of counsel of record for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such documents may be retained by consultants entitled to see such documents under the terms of this Order to the extent necessary for their study, analysis, and preparation of the case. A person with custody of Confidential Information shall maintain them in a manner that limits access to those documents to only those persons entitled under this Order to examine them. This provision does not apply to the Court or its authorized personnel.

**9.2** Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any documents, other than attorney work product, containing designated Confidential Information produced by a party or third party shall be destroyed or returned to the party or third party producing such documents or writings. Notwithstanding the foregoing, outside counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining Confidential Information as set forth in Paragraph 9.1. This provision does not apply to the Court or its authorized personnel.

**9.3** The provisions of this Order apply to all proceedings in this action, including all appeals, arbitrations, settlement proceedings, and proceedings upon remand.

**9.4** A designation of confidentiality pursuant to this Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until all parties to this action stipulate that designated Confidential Information can be disclosed.

**9.5** By entering into this Order, no party waives any objections it might have to the production of any documents covered by this Order. Nothing in this Order shall be interpreted to obligate any party to produce any document.

**9.6** No party to this action, by entering into this Order, by designating certain information as confidential under this Order, or by acquiescing in any other party's or third-party's designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information subject to protection.

**9.7** The designation of confidentiality is not admissible before any trier of fact.

**9.8** Any confidentiality designation under this order shall become void and of no force or effect in the event such designated information becomes or is shown to be publicly available through no fault of the non-designating party.

9.9    The Court retains jurisdiction even after termination of this action to enforce this Order.

Dated this 19th day of June 2015.

Respectfully submitted,

CAROL DIANE COOPER, Plaintiff

By her Attorney:

/s/ Stephen N. Lipton
Stephen N. Lipton, *pro hac vice*
Florida Bar No.: 156864
lipton@mcliplaw.com
McConnell Lipton LLP
228 S.E. 12th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 376-4815

and

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO No. 237850
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com
sholbrook@holbrookmurphy.com

ALYSSA JANE D'AMORE, Defendant

By her Attorney:

/s/ Robert J. O'Regan
Robert J. O'Regan, BBO No.: 379970
roregan@burnslev.com
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3650
Fax: (617) 345-3299

\* \* \*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served the foregoing **Stipulation and Protective Order** upon all counsel of record via the Court's ECF system this 19th day of June 2015.

/s/ Stephen N. Lipton
Stephen N. Lipton, *pro hac vice*

## ORDER

In accordance with the stipulation of the parties, and with good cause appearing, the Court enters the Stipulated Protective Order as an Order of the Court.

IT IS SO ORDERED.

Dated: June 22, 2015

/s/ Richard M. Stearns
United States District Judge